UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | |
|---|---|
| TIMOTHY WEBB, | 3:06-CV-00473-ECR-VPC |
| Plaintiff, | MINUTES OF THE COURT |
| vs. | DATE: August 1, 2007 |
| GLEN WHORTON, DOROTHY NASH-HOLMES, REV. JANE FORAKER-THOMPSON, DWIGHT NEVEN, ISIDRO BACA, CLAUDE WILLIS, and FR. DAVE CASALEGGIO, | |
| Defendants. | |

PRESENT:      EDWARD C. REED, JR.                           DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN            Reporter:    NONE APPEARING
Counsel for Plaintiff(s)                    NONE APPEARING

Counsel for Defendant(s)                    NONE APPEARING

MINUTE ORDER IN CHAMBERS

**IT IS HEREBY ORDERED** that Defendants' Objection (#33) to the Magistrate Judge's Report and Recommendation (#32) is **OVERRULED**. The Magistrate Judge's well reasoned Report and Recommendation is **ADOPTED**.

The motion to dismiss (#20), construed as a motion for summary judgment, is **GRANTED** in part and **DENIED** in part as stated in the Report and Recommendation.

The primary relief Plaintiff Webb seeks in his Complaint (#9) is prospective injunctive relief. Indeed, he makes no explicit claim for damages. The defense of qualified immunity does not apply to such an action. We also note that the bulk of Defendants' arguments with respect to qualified immunity and RLUIPA are improperly raised for the first time in Defendants' Objection (#33). Should damages become an issue in this litigation, Defendants will not be precluded from raising the defense of qualified immunity by appropriate motion. We will not address the arguments that qualified immunity is applicable in this case further at this time.

Nor do we find that the newly raised evidence and arguments with respect to the First Amendment claim (free exercise) and the Fourteenth Amendment claim (equal protection) alter the analysis in the Report and Recommendation. This Court is very well aware of Indian tribal sovereignty. However, we find no basis for concluding that Congressional action to protect Indians' rights necessitates concluding that Indian prisoners are not similarly situated with other prisoners in the correctional context. Nor, relatedly, has the Supreme Court placed Indians into a special constitutional class with respect to the free exercise clause of the First Amendment. See <u>Employment Division v. Smith</u>, 494 U.S. 872 (1990). Although Defendants suggested in their motion that treaties might necessitate that Indians be considered as differently situated in the correctional context (Motion to Dismiss 13-14 (#20-1)), no relevant treaty has been cited.

LANCE S. WILSON, CLERK

By _____/s/_____
    Deputy Clerk